**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Case No. 13-20453

JOHN S. BENCHICK,

        Defendant.

_____/

**ORDER RE: COUNTDOWN TO TRIAL**

    The court having issued its "ORDER AMENDING STANDING ORDER FOR

DISCOVERY AND INSPECTION IN CRIMINAL CASES; AND GIVING NOTICE OF

CERTAIN PRETRIAL AND TRIAL PRACTICES" [Dkt. # 9] specifying certain practices in

preparation for trial, and

    There having been no indication from the parties of a Rule 11 Agreement

proffered and signed, it therefore appears that the parties have determined that this

matter will proceed to trial.  Preparation for trial, accordingly, will be required sooner

rather than later. Therefore,

    IT IS ORDERED that the parties meet and confer to agree upon jury instructions

following the form attached as an outline to this Order; parties shall be prepared to

discuss any difference in instructions at the Pretrial Conference that is set for **Friday**

**September 12, 2014 at 9:30 a.m.**

    IT IS FURTHER ORDERED that all trial exhibits shall be pre-marked and, to the

extent possible, agreed upon for admissibility; parties shall prepare to discuss the status of exhibits at the Pretrial Conference.


Date:   September 8, 2014

s/Robert H. Cleland_____
ROBERT H. CLELAND
United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                         Case No.13-20453

 JOHN S. BENCHICK,

        Defendant.

_____/

**JURY INSTRUCTIONS**

**The Indictment**

## <u>COUNT ONE</u>

*18 U.S.C. §§ 1344 and 2 - Bank Fraud - Aiding and Abetting*
*25 Sunset Bay Drive, Belleair, Florida*

## <u>COUNT TWO</u>

*18 U.S.C. §§ 1344 and 2 - Bank Fraud - Aiding and Abetting*
*22080 Beck Road, Northville, Michigan*

## <u>COUNT THREE</u>

*18 U.S.C. §§ 1344 and 2 - Bank Fraud - Aiding and Abetting*
*22003 Beck Road, Northville, Michigan*

## INTRODUCTION

(1)     Members of the jury, now it is time for me to instruct you about the law you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements of the crimes that the defendant is accused of committing.  You may think of the "elements" of the crimes as the essential ingredients, or important parts, of the proof of the crimes.

(4)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(6)     Please listen very carefully to everything I say.

## JURORS' DUTIES

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second job is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions that I

give you, even if you personally disagree with one or more of them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers may talk about the law during the trial.  But if what they say is different from what I tell you, you must follow what I say.  What the judge says about the law controls.

(4)     Do your jobs fairly.  Do not let any bias, sympathy or prejudice that you may feel for or against either side influence your decision in any way.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1)     As you know, the defendant has pleaded not guilty to each crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government

from start to finish.  You must find the defendant not guilty unless the evidence convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element -- that is, every important part -- of each crime charged "beyond a reasonable doubt."

(5)     A "reasonable" doubt is a fair honest doubt growing out of the evidence or lack of evidence, or the nature of the evidence, and based on reason and common sense.  Ultimately, a "reasonable doubt" would be a doubt that remains standing even after you have carefully and thoughtfully examined and discussed all the facts and circumstances present in this case.

(6)     Proof "beyond a reasonable doubt" does not mean proof that amounts to absolute certainty, or beyond all possible doubt.  It does not mean proof "beyond a shadow of a doubt," nor does it mean that the government must prove any fact or any crime with mathematical precision.  Doubts that are merely imaginary, or that arise from nothing more than speculative possibilities, or that are based only on sympathy, prejudice or guessing are not "reasonable" doubts.

(7)     In addition, the law does not require that each and every fact that may have been mentioned in the case be "proved beyond a reasonable doubt." Rather, the law requires that enough facts be proved to convince you, beyond a reasonable doubt, that the crime was committed and that the defendant is guilty.

(8)     If you are convinced that the government, through the evidence, has proved the defendant guilty beyond a reasonable doubt, then the proper verdict is "guilty."  If you are not convinced, a "not guilty" verdict must be returned.

**EVIDENCE DEFINED**

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; any stipulations that the lawyers agreed to; and any facts that I have told you to simply assume had been proven.

(3)     Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  The indictment is not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.  Do not speculate about what some witness might have said or what some exhibit might have shown.   Such things not in evidence are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(4)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

(1)    You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

(1)    In almost every case, there is both "direct evidence" and "circumstantial evidence"

(2)    Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw someone walking across a field and you believed him, that would be direct evidence that such a thing had happened.

(3)    Circumstantial evidence is simply a collection of circumstances that indirectly proves a fact.  If a witness said that he saw fresh footprints in newly fallen snow, that would be circumstantial evidence from which you could conclude that someone had recently been walking there.

(4)    Legally, there is no difference between direct and circumstantial evidence.  The law does not say that one is necessarily any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## CREDIBILITY OF WITNESSES

(1)     Part of your job as jurors is to decide how believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness' testimony was believable, and how much weight you think it deserves.   You are free to believe everything that a witness said, or only part of it, or you can believe none of it at all (even if the witness has not been contradicted).  But you should, of course, act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness' testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to clearly see or hear what was happening, and may make a mistake.

(B)     Ask yourself how good the witness' memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witnesses' ability to perceive or remember the events.

(D)     Ask yourself how the witness looked and acted while testifying. Did the witness seem honestly to be trying to tell you what happened?  Or did the witness seem to be evasive, or even lying?

(E)     Ask yourself if the witness had any relationship to either side of the case, or anything to gain or lose that might influence the witness' testimony.  Ask yourself if the witness had any bias, or prejudice, or reason

for testifying that might cause the witness to lie or to slant testimony in favor of one side or the other.

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did anything off the stand that is not consistent with what the witness said while testifying.  If you think that the witness was inconsistent, ask yourself if this makes the witness' testimony less believable.  Sometimes it may; other times it may not.  For example, you might consider whether the inconsistency was understandable or explainable. You might also ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     Finally, ask yourself how believable the witness' testimony was in light of all the other evidence.  Was the witness' testimony supported or was it  contradicted by other evidence that you found believable?  If you think that a witness' testimony was contradicted by other evidence, keep in mind that people sometimes do forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable or reliable each witness was.  You may also consider other things that you think shed light on the witness' believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide

what testimony you believe, and how much weight -- how much significance --
you think it deserves.

## NUMBER OF WITNESSES

(1)     One more point about the witnesses.  Sometimes jurors wonder if
the number of witnesses who testified on a particular point, or on one side or the
other, makes any difference.  It does not.

(2)     Do not make any decisions based only on the number of witnesses
who testified.  What is more important is how believable the witnesses were, and
how much weight you think their testimony deserves.  Concentrate on that, not
the numbers.

## LAWYERS' OBJECTIONS

(1)     There is one more general subject that I want to talk to you about
before I begin explaining the elements of the crimes charged.

(2)     The lawyers for both sides objected to some of the things that were
said or done during the trial.  Do not hold that against either side.  The lawyers
have a duty to object whenever they think that something is not permitted by the
rules of evidence.  Those rules are designed to make sure that both sides receive
a fair trial.

(3)     And do not interpret my rulings on their objections as any indication
of how I think the case should be decided.  My rulings were based on the rules of
evidence, not on how I feel about the case.  Remember that your decision must
be based only on the evidence that you saw and heard here in court.

## ELEMENTS OF THE OFFENSE:  INTRODUCTION

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the essential elements of the crimes the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved any crime charged. Also keep in mind that whether anyone else should be prosecuted and convicted for either of these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved the defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## COUNT 1, 2 AND 3: BANK FRAUD–BASIC ELEMENTS

(1)     Counts 1, 2, and 3 of the indictment each accuse the defendant of aiding and abetting in the commission of Bank Fraud, in violation of federal law, as to a different property.

(2)     In each of these Bank Fraud charges, the government must prove that a Bank Fraud occurred. This requires that all of the following essential ingredients (or "elements") of Bank Fraud be proved beyond a reasonable doubt:

(A)     First, that -----------

(B)     Second, that ----------------

(C)     Third, that -------------------

Etc.

## AIDING AND ABETTING

## DEFINITIONS OF TERMS

## ON OR ABOUT

(1)    Next, I want to say a word about the date mentioned in the indictment.

(2)    The indictment charges that the crimes charged happened "on or about" either a certain date or certain range of dates.  The government does not have to prove that a crime happened on an exact date.  But the government must prove that the crime charged happened reasonably close to the date or range of dates specified in the indictment.

### INFERRING REQUIRED MENTAL STATE

(1)    Next, I want to explain something about proving a defendant's state of mind – specifically his "intent."

(2)    Ordinarily, there is no way that a defendant's state of mind, such as having an "intent to distribute" controlled substances or a particular state of knowledge, can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)    But a defendant's state of mind can be proved indirectly from the

surrounding circumstances.  This includes things like what the defendant said, what he did, how he acted, and any of the facts or circumstances in evidence that show his state of mind.

(4)     You may also consider the natural and probable results of acts that he knowingly did or did not do, and whether it is reasonable to conclude that he intended those results.  This, of course, is all for you to decide.

### DEFENDANT'S RIGHT TO TESTIFY

(1)     Every defendant in a criminal case has an absolute right to choose whether to testify or not.  If a defendant does not testify, that act cannot be considered by the jury in any way or even discussed in your deliberations. If a defendant does testify, his testimony is to be evaluated by the same standards that apply to any other witness, as I have previously instructed you.

(2)     I remind you that, ultimately, it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

### *[PAUSE FOR ARGUMENTS OF ATTORNEYS]*

## JURY ROOM DELIBERATIONS:  INTRODUCTION

(1)     Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer or to me or to anyone else about the case.  We must communicate in writing.  Write down your message on paper, sign it, and then give it to the jury officer.  He or she will give it to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Your messages should normally be sent to me through your foreperson.

(4)     If you want to see any of the exhibits that were admitted into evidence, you may send me a message, and those exhibits will be provided to you.

(5)     There's one other thing about messages.  Do not ever write down or tell anyone, other than among yourselves, how you stand on any preliminary votes you may have taken.  For example, if it happens that you have taken a preliminary vote that is not unanimous, do not reveal that you have found yourselves divided 6-6, or 10-2, or whatever that vote might have been.  The process of deliberation should stay secret until you are finished and have reached a unanimous 12-0 verdict.

## EXPERIMENTS, RESEARCH AND INVESTIGATION

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  This means that you must not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case, including with a computer on-line; and do not visit any place that may have been mentioned during the trial.

(3)     Make your decision based only on the evidence that you saw and heard here in court.

## UNANIMOUS VERDICT

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous. This means that to find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.  And to find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.  Either way, your verdict must be unanimous.

## DUTY TO DELIBERATE

(1)     Now that all the evidence and arguments are complete, you are free to talk about the case in they jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach

unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.   Do not hesitate to change your mind if you are convinced that other jurors are right and you are wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that -- your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what everyone else has to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## PUNISHMENT

(1)     If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)     Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to discuss or even to allow yourself to think about any possible punishment in deciding your verdict.

(3).     Your job is to look at the evidence and decide if the government has

proved the defendant guilty beyond a reasonable doubt.

## VERDICT FORM

(1)     I have prepared a verdict form that you should use to record your

verdict.

(2)     If you decide that the government has proved the charge against the

defendant beyond a reasonable doubt, say so by having your foreperson mark

next to the word "guilty" on the form.  If you decide that the government has not

proved the charge against the defendant beyond a reasonable doubt, say so by

having your foreperson mark next to the phrase "not guilty" on the form.

(3)     Your foreperson should then sign the form, put the date on it, and

send out a note saying only that you have reached a verdict.  You can notify us

by pressing the buzzer near the door.  Be patient and someone will answer your

buzz or knock directly.  When you are called into court to deliver the verdict bring

the book containing the verdict form with you. My courtroom deputy clerk will then

read the verdict aloud.

## VERDICT LIMITED TO CHARGE AGAINST DEFENDANT

(1)     Remember that the defendant is on trial only for the particular crimes

charged in the indictment.  Your job is limited to deciding whether the government

has proved the defendant guilty of that charge.

(2)     Also remember that your view as to whether anyone else in

particular ought to be prosecuted and convicted for either of these crimes or any

other crime is not a proper matter for you to consider.

(3)      The point in this is that the possible guilt of some particular other person is not a defense to a criminal charge.  Your job is to decide if the government has proved *this* particular defendant guilty.  If it has, your vote should be "guilty."  If it has not, you will vote "not guilty."   Do not let the possible guilt of others influence your decision in any way.

## COURT HAS NO OPINION

I will finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,

v.                                    Case No.13-20453

 JOHN S. BENCHICK,

                    Defendant.

_____/

**VERDICT ON COUNT 1:**

We, the jury, unanimously find the defendant:

               ☐ **Guilty ----OR---- ☐ Not Guilty**
                  **as charged in the Indictment**

**VERDICT ON COUNT 2:**

We, the jury, unanimously find the defendant:

               ☐ **Guilty ----OR---- ☐ Not Guilty**
                  **as charged in the Indictment**

**VERDICT ON COUNT 3:**

We, the jury, unanimously find the defendant:

               ☐ **Guilty ----OR---- ☐ Not Guilty**
                  **as charged in the Indictment**

_____
Foreperson's initials
Date:         _____