**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                     Case No.13-20453

JOHN S. BENCHICK,

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR ORDER DIRECTING THE GOVERNMENT TO PRESERVE CERTAIN EVIDENCE**

On June 13, 2013, Defendant John S. Benchick was charged with three counts of bank fraud in violation of 18 U.S.C. §§ 1344. On October 1, 2013, the government filed a First Superseding Indictment, charging Benchick with a fourth count of bank fraud. The indictment alleged that Defendant "did knowingly and willfully execute, or aided and abetted others in executing, a scheme or artifice to defraud and to obtain money, funds, or other property owned by, or in the custody or control of, federally insured financial institutions by means of material false and fraudulent pretenses, or promises." (Dkt. # 13, 41-53.)

Defendant filed a Motion for Discovery on July 7, 2014, in which he sought, *inter alia*:

> any and all information in the possession of federal law enforcement and regulatory officials, including documentation, witness statements, and other materials supporting the defense's contention that claimed inaccuracies in loan applications in the present case were immaterial, including, but not limited to, any and all information in the Government's possession regarding lending practices at Washington Mutual Bank (whose portfolio is now owned

by JP Morgan Chase Bank, N.A.) ("Washington Mutual") and National City Bank (now PNC Bank, N.A.) ("National City").

(Dkt. # 23, Pg. ID 86-87.)

On August 21, 2014, the court issued an Opinion and Order denying Defendant's Motion for Discovery, in which the court denied Defendant's request for disclosure of the Lending Practices Evidence on the ground that "Defendant ha[d] not successfully shown that the evidence . . . [wa]s relevant to the materiality of his alleged misrepresentations (and hence his guilt)." (Dkt. # 28, Pg. ID 155.) Now before the court is Defendant's Motion for Order to Preserve Evidence (Dkt. # 32) which requests an order directing the government to preserve evidence related to the lending practices of Washington Mutual and National City. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, Defendant's motion will be denied.

## I. STANDARD

The Supreme Court first addressed whether the Constitution requires the government to preserve potentially exculpatory evidence in *California v. Trombetta*, 467 U.S. 479 (1984). The Court recognized that "[a] defendant has a constitutionally protected privilege to request and obtain from the prosecution evidence that is either material to the guilt of the defendant or relevant to the punishment to be imposed." *Trombetta*, 467 U.S. at 485 (citing Brady v. Maryland, 373 U.S. 83, 87 (1963)). The Court then set forth the following standard for preserving potentially exculpatory evidence:

> Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, evidence must both possess an exculpatory value

that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

*Id.* at 488-89 (citation omitted).  This standard "stems from [the Court's] unwillingness to read the 'fundamental fairness' requirement of the Due Process Clause as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (citation omitted).

## II. Analysis

As part of its case against Defendant, the government must prove that the claimed inaccuracies in the loan applications were "material." *Neder v. United States*, 527 U.S. 1, 25 (1999).  In bank fraud cases, "a false statement is material if it has a 'natural tendency to influence, or [is] capable of influencing the decision of the decisionmaking body to which it was addressed.'" *Id.* at 16 (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).  Further, "a misrepresentation may be material even if evidence demonstrates that the misrepresentation would not have actually influenced or actually deceived the lender." *United States v. Haiser*, No. 2:11-CR-00267-MMD-CWH, 2012 WL 5288006, at *3 (D. Nev. Oct. 24, 2012) (citations omitted).

> So long as a defendant, in order to cause a bank to take some action, makes a misrepresentation that a reasonable bank would consider important in deciding whether to act as the defendant wishes . . . the misrepresentation is material, even if the bank does not act as the defendant desires or does not actually rely on the misrepresentation in so acting; [i]t does not lie with one knowingly making false statements with intent to mislead . . . to say that the statements were not influential or the information not important.

*United States v. Menichino*, 989 F.2d 438, 440 (11th Cir. 1993) (internal quotation marks and citations omitted).

Defendant seeks evidence related to the financial institutions' lending practices as support for his contention that the claimed inaccuracies in his loan applications were not material because "the loan applications were submitted when the lending culture at Washington Mutual and National City was such that anyone could get a loan, regardless of the content of the loan application." (Dkt. # 24, Pg. ID 89.)  Consistent with this theory, Defendant argued in his Motion to Compel Discovery that the government must disclose evidence related to Washington Mutual's and National City's lending practices because these lending practices demonstrate that his alleged misrepresentations were immaterial.  (*Id.* at 95-98.)

The court rejected this argument in its Opinion and Order Denying Defendant's Motion to Compel, finding that the requested evidence is not material to Defendant's guilt because "it is irrelevant [to Defendant's guilt] whether the banks actually relied on Defendant's alleged misrepresentations." (Dkt. # 28, Pg. ID 153; *see id.* at 153-54 ("Even if Washington Mutual and National City were negligent in giving out the loans to Defendant, this evidence does not speak to Defendant's guilt.").)  Regarding the instant motion, because the evidence is irrelevant to Defendant's guilt, the evidence is not "constitutionally material" as it is not "evidence that might be expected to play a significant role in the suspect's defense."  *Trombetta*, 467 U.S. at 488-89.  Accordingly, the government is not constitutionally obligated to obtain and preserve evidence related to the lending practices of Washington Mutual and National City, and the motion will be denied.

### III. CONCLUSION

IT IS ORDERED that Defendant's Motion for Order Directing the Government to Preserve Certain Evidence (Dkt. # 32) is DENIED.

s/ Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 27, 2015, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522