**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                    Case No.13-20453

JOHN S. BENCHICK,

       Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INTRODUCTION OF IRRELEVANT AND PREJUDICIAL EVIDENCE**

On June 13, 2013, Defendant John S. Benchick was charged with three counts of bank fraud in violation of 18 U.S.C. §§ 1344. On October 1, 2013, the government filed a First Superseding Indictment, charging Benchick with a fourth count of bank fraud. The indictment alleges that Defendant "did knowingly and willfully execute, or aided and abetted others in executing, a scheme or artifice to defraud and to obtain money, funds, or other property owned by, or in the custody or control of, federally insured financial institutions by means of material false and fraudulent pretenses, or promises." (Dkt. # 13.)

Now before the court is Defendant's Motion in Limine to Preclude Introduction of Irrelevant and Prejudicial Evidence. (Dkt. # 43.) Defendant requests that the court preclude the government from introducing certain evidence at trial, including: (1) "statements to the FBI indicating that [Defendant] frequents adult nightclubs and hires prostitutes;" (2) statements that Defendant "suggested . . . that the house at 22080 Beck Road could be converted into a 'voyeur house;'" (3) the testimony of a potential witness

who "allegedly began a romantic relationship with [Defendant] in December 2013" and "accuses [Defendant] in her statement of domestic violence and of asking her to frequent an adult web site to lure rich men as investors in 25 Sunset Bay;" and (4) "statements indicating that [Defendant] may have been holding himself out as the owner of 25 Sunset Bay." (Dkt. # 43, Pg. ID 495-96, 498.)  Defendant argues that "[t]he statements at issue in this motion are irrelevant because they concern events that allegedly took place years after the loan applications were submitted" and concern issues unrelated to the charged crimes.  He also argues that any potential probative value of the statements and testimony would be outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.  (*Id.* at 497.)  The matter is fully briefed, and no hearing is needed.  See E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the motion will be denied without prejudice.

In order for the parties to introduce evidence at trial, the evidence must be relevant.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence is generally admissible, Fed. R. Evid. 402; however, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."  *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  In particular, the court may exclude evidence from trial that is irrelevant or that is relevant but has "probative value [that] is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Proposed evidence will be deemed relevant if it is probative of one of the elements of the crimes charged in the indictment. "The elements of bank fraud under 18 U.S.C. § 1344 are: (1) the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) the defendant had an intent to defraud, and (3) the financial institution was insured by the FDIC." *United States v. Kerley*, __ F.3d __, 2015 WL 1842783, at *11 (6th. Cir. Apr. 23, 2015). Furthermore, the Supreme Court has also held that "materiality of falsehood is an element of . . . bank fraud statutes." *Neder v. United States*, 527 U.S. 1, 25 (1999).

The court is unequipped to rule on the admissibility of the challenged evidence at this time. The trial has not yet begun, and the government has not presented its case, including other evidence that may provide context to the challenged evidence. It is possible that the challenged statements and testimony will be deemed admissible based on how the case develops. Furthermore, it is also possible that the government will not seek introduce some or all of the challenges evidence. Defendant's motion states that, "it is unclear . . . whether the government concurs in the relief requested regarding certain statements . . . . The government does not concur in disallowing the testimony of an alleged former romantic partner of [Defendant]." (*Id.* at 495.)

Because it is not clear to the court that any of the challenged statements and testimony will be introduced and because the court is unequipped to evaluate the potential evidences' relevance, probative value, and danger of unfair prejudice and confusion at this stage of the case, the court will not categorically preclude the

statements and testimony at this time. Defendant may re-raise the issue of the admissibility of the challenged evidence if and when it arises. Accordingly,

IT IS ORDERED that Defendant John S. Benchick's Motion in Limine to Preclude Introduction of Irrelevant and Prejudicial Evidence (Dkt. # 43) is DENIED WITHOUT PREJUDICE.

        s/ Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 28, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 28, 2015, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522