**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              Case No.13-20453

JOHN S. BENCHICK,

        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**WITHOUT PREJUDICE GOVERNMENT'S MOTION IN LIMINE TO**
**PRECLUDE IMPROPER ARGUMENTS**

On June 13, 2013, Defendant John S. Benchick was charged with three counts of bank fraud in violation of 18 U.S.C. §§ 1344.  On October 1, 2013, the government filed a First Superseding Indictment, charging Benchick with a fourth count of bank fraud.  The indictment alleges that Defendant "did knowingly and willfully execute, or aided and abetted others in executing, a scheme or artifice to defraud and to obtain money, funds, or other property owned by, or in the custody or control of, federally insured financial institutions by means of material false and fraudulent pretenses, or promises."  (Dkt. # 13.)

Now before the court is the government's Motion in Limine to Preclude Improper Arguments.  (Dkt. # 40.)  The government requests that the court: (1) "preclude evidence or argument suggesting that the victim financial institutions invited or could have prevented the fraud;" (2) "preclude evidence or argument that a particular lender subjectively did not rely upon particular misrepresentations or omissions;" (3) "preclude

the defendant from referring to the foreclosure crisis and the Government's actions in seeking to resolve the crisis;" (4) "preclude evidence or argument regarding the unrelated wrongdoing of others;" (5) "preclude the defendant from offering under Rule 801(d)(2) his own out-of-court statements;" and (6) "preclude defendant from introducing the contents of witness interview reports or suggesting that such are the witness' statements." (Dkt. # 40, Pg. ID 226.)  The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the motion will be granted in part and denied in part without prejudice.

## I. STANDARD

In order for the parties to introduce evidence at trial, the evidence must be relevant.  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Relevant evidence is generally admissible, Fed. R. Evid. 402; however, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."  *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  In particular, the court may exclude evidence from trial that is irrelevant or that is relevant but has "probative value [that] is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Proposed evidence will be deemed relevant if it is probative of one of the elements of the crimes charged in the indictment.  "The elements of bank fraud under 18 U.S.C. § 1344 are: (1) the defendant knowingly executed or attempted to execute a

2

scheme to defraud a financial institution; (2) the defendant had an intent to defraud, and (3) the financial institution was insured by the FDIC." *United States v. Kerley*, __ F.3d __, 2015 WL 1842783, at *11 (6th. Cir. Apr. 23, 2015). Furthermore, the Supreme Court has also held that "materiality of falsehood is an element of . . . bank fraud statutes." *Neder v. United States*, 527 U.S. 1, 25 (1999).

## II. DISCUSSION

### A. Evidence or Argument that the Financial Institutions, their Employees, or Agents Invited or Could Have Prevented the Fraud

The government first requests that the court preclude Defendant from presenting evidence or making argument that "an employee or agent of a victim lender bank failed to do the required due diligence to avoid the fraud." (Dkt. # 40, Pg. ID 228.) The government asserts that such argument would constitute an improper "blame the victim" defense. (*Id.*)

Defendant concedes that he intends "to present evidence that the institutions themselves . . . had a business model whereby they deliberately refused to verify information presented in loan applications," but notes that he does not intend "to introduce evidence of the acts of individual rogue employees, officers or agents. (Dkt. # 41, Pg. ID 249-50.) Defendant asserts that such evidence is relevant because, "[i]f the institutions are not interested in the truth or falsehood of the information upon which they are supposed to make their decisions to lend, then such information cannot be said to have been material to their decision-making." (*Id.* at 250.)

In bank fraud cases, courts apply an objective standard to determine the materiality of alleged misrepresentations. As the court explained in its Opinion and

Order Denying Defendant's Motion to Compel Discovery (Dkt. # 28) and its Order

Denying Defendant's Motion for Order Directing the Government to Preserve Certain

Evidence (Dkt. # 39), "a false statement is material if it has a 'natural tendency to

influence, or [is] capable of influencing the decision of the decisionmaking body to which

it was addressed.'" *Neder*, 527 U.S. at 16 (quoting *Kungys v. United States*, 485 U.S.

759, 770 (1988)).  "[A] misrepresentation may be material even if evidence

demonstrates that the misrepresentation would not have actually influenced or actually

deceived the lender."  *United States v. Haiser*, No. 2:11-CR-00267-MMD-CWH, 2012

WL 5288006, at *3 (D. Nev. Oct. 24, 2012) (citations omitted).

> So long as a defendant, in order to cause a bank to take some action, makes
> a misrepresentation that a reasonable bank would consider important in
> deciding whether to act as the defendant wishes . . . the misrepresentation
> is material, even if the bank does not act as the defendant desires or does
> not actually rely on the misrepresentation in so acting; [i]t does not lie with
> one knowingly making false statements with intent to mislead . . . to say that
> the statements were not influential or the information not important.

*United States v. Menichino*, 989 F.2d 438, 440 (11th Cir. 1993) (internal quotation

marks and citations omitted).

Because materiality is based on what "a *reasonable bank* would consider

important in deciding whether to act," evidence suggesting that particular financial

institutions implemented insufficient due diligence procedures to detect the alleged

misrepresentations has at-most minimal—if any—relevance to establishing the

materiality of the alleged misrepresentations.  *Cf. United States v. Moore*, 923 F.2d 910

(1st Cir. 1991) (Breyer, C.J.) (upholding, for charges of conspiracy to fraudulently obtain

money from a bank, jury instructions which state, "[I]t is not a defense to claim that the

bank might have prevented its losses had it had better 'internal controls or

4

procedures.'").  This is because "[a] statement or omission is 'capable of influencing' a decision even if those who make the decision are negligent and fail to appreciate the statement's significance."  *United States v. Rogan*, 517 F.3d 449, 452 (7th Cir. 2008).

Defendant argues that "[t]he institutions themselves may have been engaged in control fraud and cannot be allowed now to claim that they are the victims of processes they themselves created and from which they profited greatly."  (Dkt. # 41, Pg. ID 254.) But whether or not the alleged victims of the crimes alleged in Defendant's indictment committed a separate fraud does not, as Defendant suggests, prevent the government from prosecuting Defendant for alleged violations of § 1344.

Even if such evidence were deemed relevant within the meaning of Rule 401, the evidence is nonetheless inadmissible under Rule 403.  Presenting arguments and evidence to a jury that the financial institutions "deliberately refused to verify information presented in loan applications," "engaged in control fraud," "profited greatly," and "are the victims of processes they themselves created" would create a substantial danger of unfair prejudice, confusing the issues, and misleading the jury.  (*Id.* at 250, 254.)  This substantial danger fair outweighs any arguable probative value of the financial institutions' due diligence and related lending practices.  *See* Fed. R. Evid. 403. Therefore, the court will grant the government's request to preclude evidence or argument that particular financial institutions invited the fraud by implementing insufficient loan approval practices, or could have prevented it with better practices.

**B. Evidence or Argument that Particular Lenders Subjectively Did Not Rely upon Particular Misrepresentations or Omissions**

Relatedly, the government requests that the court preclude Defendant from presenting evidence and argument suggesting that particular lenders did not *subjectively* rely on his alleged misrepresentations.  (Dkt. # 40, Pg. ID 232.)  As stated above, in bank fraud cases, materiality is an objective standard and subjective reliance on a misrepresentation is not an element of bank fraud.  Defendant concedes that materiality is an objective standard, and confirms that he "does not seek to introduce evidence of reliance."  (Dkt. # 41, Pg. ID 255.)  For the reasons stated in Section II.A, the court will preclude the introduction of evidence pertaining exclusively to particular lenders' subjective reliance on an alleged misrepresentation as irrelevant.[1]

### C. Referring to the Foreclosure Crisis and the Government's Actions in Seeking to Resolve the Crisis

Next, the government argues that "[c]onduct, especially government or financial institution conduct starting in 2008, when the foreclosure crisis started along with the economic downturn, is not relevant to the issue of whether the defendant participated in a scheme to defraud from 2005 to 2007."  (Dkt. # 40, Pg. ID 232.)  The government, thus, asks that the court preclude any reference to the foreclosure crisis.  Defendant informs that court that he "does not intend to present such evidence at the present time but reserves the right to revisit the issue."  (Dkt. # 41, Pg. ID 257.)

---

[1]While confirming that he does not intend to introduce evidence of reliance, Defendant states that he "seeks to introduce evidence that any claimed inaccuracies on the subject loan applications were immaterial and *were not capable of influencing* the decisions to lend because of the systemic environment of control fraud within the lending institutions themselves."  (Dkt. # 41, Pg. ID 255-56.)  The court addressed this proposed category of evidence and argument in Section II.A and concluded that Defendant would be precluded from introducing it.

7

Evidence is generally admissible if it has the tendency to make a fact of consequence more or less probable when the probative value of the evidence is not substantially outweighed by one of the Rule 403 dangers or is otherwise inadmissible under the Federal Rules of Evidence.  In light of the time of the alleged fraudulent conduct and the elements of bank fraud, it is not apparent to the court how evidence pertaining to the foreclosure crisis would be relevant within the meaning of Rule 401. *References* to the financial crisis, however, are not necessarily evidence, and it remains possible that such references may become permissible—and evidence pertaining to the foreclosure crisis may become admissible—as the case develops.  It would be premature for the court to categorically preclude such reference at this time.  Both parties may re-raise this issue if and when it arises.

### C. Evidence or Argument Regarding the Unrelated Wrongdoing of Others

The government asks the court to preclude Defendant from "introduc[ing] evidence about the unrelated wrongdoing of others" or "argu[ing] his prosecution is unfair because others were committing bank fraud, too, but have not been prosecuted." (Dkt. # 40, Pg. ID 235.)  Defendant states that he "does not seek to introduce evidence of the 'unrelated wrongdoing of others,'" but reiterates his desire to present evidence to the jury related to financial institutions' "control fraud."  (Dkt. # 41, Pg. ID 257.)

The court has already stated that Defendant will be precluded from introducing evidence of particular financial institutions' due diligence and related lending practices. The court is unequipped at this time to evaluate the admissibility of other, unspecified "evidence of the 'unrelated wrongdoing of others.'"  The parties may challenge such evidence if and when it is proposed.

8

**D. Defendant's Out-of-Court Statements and Witness Interview Reports**

Last, the government requests that the court prevent Defendant from introducing his own out-of-court statements and the contents of witness interview reports.  Likewise, the government requests that the court prevent Defendant from suggesting interview reports constitute the witness's statements.  (Dkt. # 40, Pg. ID 236-38.)  Defendant has not proffered any such evidence at this time, and it would be prudent for the court to reserve addressing these issues until it has been presented with the particular evidence to be introduced and the context for its introduction.

## III. CONCLUSION

IT IS ORDERED that the government's Motion in Limine to Preclude Improper Arguments (Dkt. # 40) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.  It is granted in that Defendant John S. Benchick is precluded from introducing evidence or argument that particular financial institutions invited the alleged fraud, or could have prevented it with better practices, and evidence or argument pertaining exclusively to particular lenders' subjective reliance on the alleged fraud.  The motion is denied without prejudice in all other respects.

                                        s/ Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2015

9

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 1, 2015, by electronic and/or ordinary mail.

                                   S/Lisa Wagner
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522