UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1  JOHN S. BENCHICK,

        Defendant.
_____/

Case No: 13-20453

Honorable Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

A Second Superseding Indictment was filed on July 16, 2015, which charged Defendant John S. Benchick ("Defendant") with numerous violations of law, including violations of 18 U.S.C. §§ 1344 and 2 (Bank Fraud, Aiding and Abetting).  (*Dkt. #52*).  The Second Superseding Indictment contains Criminal Forfeiture Allegations providing notice that upon Defendant's conviction the United States intended to seek, among other things, criminal forfeiture, including a money judgment, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(2)(A).

On July 23, 2015, the United States filed the Government's Second Forfeiture Bill of Particulars ("Bill of Particulars") (*Dkt #59*), which listed the following specific asset for forfeiture:

> Three Hundred Seven Thousand Five Hundred Eighteen Dollars and Seventy-Three Cents ($307,518.73) in U.S. currency in net proceeds from the sale of, and in lieu of, real property located at 2850 E. US 223, Adrian, Michigan, 49221, and being more particularly described as follows: Township of Madison, County of Lenawee, State of Michigan
>
> Parcel 1: A parcel of land located in the Southeast ¼ of Section 12 and the Northeast ¼ of Section 13, Town 7 South, Range 3 East, Madison Township, Lenawee County Michigan described as: Beginning at the Southeast corner of Section 12, Town 7 South, Range 3 East; thence along the East line of Section 13, Town 7 South, Range 3 East, South 00° 14'37" West 388.55 feet to the centerline of the U.S. 223; thence Westerly 61.07 feel along said centerline and the arc of a curve to the left with a radius of 781.31 feet, a central angle of 04° 28'42" and a chord which bears north 69° 48'52" West, 61.05 feet; thence along said centerline, North 72° 03'12" West 1127.70 feet; thence Westerly 40.19 feet along said centerline and the arc of a curve to the left with a radius of 413.19 feet, a central angle of 05° 34'23" and a chord which bears North 74° 50'27" West, 40.17 feet; thence North 00° 03'59" West 1500.00 feet; thence North 89° 52'51" East 1169.20 feet to the East line of Section 12; thence along said East line, South 00° 07'09" East 1492.94 feet to the point of beginning.
>
> Parcel 2: A parcel of land located in the Southeast ¼ of Section 12, Town 7 South, Range 3 East, Madison Township and in the Southwest ¼ of Section 7, Town 7 South, Range 4 East, Palmyra Township further described as: Commencing at the Southeast corner of Section 12; thence along the East line of said Section 12, North 00° 07'09" West 69.84 feet to the Southwest corner of Section 7, Town 7 South, Range 4 East and the point of beginning; thence continuing along said East line, North 00° 07'09" West 1423.10 feet; thence South 89° 52'51" West 1169.20 feet; thence North 00° 03'59" West

> 1157.40 feet to the North line of the Southwest ¼ of Section 12; thence along said North line, North 89° 59'42" East 1168.13 feet to the East ¼ corner of Section 12; thence along said East line, North 00° 09'47" East 548.53 feet to the centerline of Parr Highway; thence along said centerline, South 45° 46'19" East 1751.40 feet; thence South 44° 13'41" West, 282.36 feet; thence South 45° 46'19" East 752.34 feet to the East line of the West ½ of the Southwest ¼ of Section 7; thence along said East line, South 00° 16'07" West 1166.59 feet to the South line of Section 7; thence along said South line South 89° 35'21" West 1587.92 feet to the point of beginning

(hereinafter referred to as the "Subject Property"). The Bill of Particulars also provides notice that the government will seek a money judgment against Defendant in an amount representing the total amount obtained as a result of the Defendant's violations. (*Dkt #59*).

On March 14, 2016, Defendant advised the Court that he waived his statutory right to have forfeiture issues decided by the jury.

On April 28, 2016, after a jury trial, Defendant was found guilty on all Counts set forth in the Second Superseding Indictment. (*Dkt. #71*).

On August 5, 2016, a Forfeiture Stipulation (*Dkt. #77*) was filed with the Court in which Defendant agreed "to forfeit to the United States, without contest, all of his rights, title and interest in the Subject Property, and any right, title or interest that any of his companies, heirs, successors or assigns, have or may have in the Subject Property," based upon Defendant's conviction on Count One of the

Second Superseding Indictment and "pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(2)(A)."

The government filed an Application for Entry of a Preliminary Order of Forfeiture seeking forfeiture of the Subject Property and a forfeiture money judgment against Defendant in an amount to be determined by the Court at the sentencing hearing.

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A), and based upon the Forfeiture Allegations set forth in the Second Superseding Indictment, Defendant's conviction on all Counts set forth in the Second Superseding Indictment, the Forfeiture Bill of Particulars, the Forfeiture Stipulation (*Dkt. #77*), and other information in the record, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. All right, title and interest of Defendant in the Subject Property, and any right, title or interest that any of his companies, heirs, successors or assigns, have or may have in the Subject Property, **IS HEREBY FORFEITED** to the United States for disposition in accordance with law, and any right, title or interest that Defendant has, and any right, title or interest that any of Defendant's companies, heirs, successors or assigns, have or may have in the Subject Property **IS HEREBY AND**

**FOREVER EXTINGUISHED** pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2)(A).

2. The forfeiture of the Subject Property is based upon Defendant's violation of 18 U.S.C. §§ 1344 and 2, Bank Fraud, Aiding and Abetting, as alleged in Count One of the Second Superseding Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(2)(A).

3. The Subject Property constitutes and was derived from proceeds obtained as a result of Defendant's violation of 18 U.S.C. §§ 1344 and 2, as alleged in Count One of the Second Superseding Indictment. A substantial nexus exists between Defendant's violation as charged in Count One of the Second Superseding Indictment and the Subject Property.

4. A money judgment in an amount to be determined by the Court at sentencing is granted and entered against Defendant in favor of the United States of America, which will be an amount that represents the total amount of proceeds obtained as a result of Defendant's violations as alleged in the Second Superseding Indictment.

5. This Preliminary Order of Forfeiture will be amended under Fed. R. Crim. P. 32.2(e)(1) when the amount of the money judgment has been determined by the Court.

6. Once the money judgment amount has been determined by the Court, the money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, any assets that Defendant has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

7. Pursuant to Fed. R. Crim. P. 32.2, this order shall become final as to Defendant at the time he is sentenced. The forfeiture shall be made part of the sentence and included in Defendant's Judgment.

8. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

9. The United States shall publish on www.forfeiture.gov, notice of this Preliminary Forfeiture Order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). The United States may also, to the extent

practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. Said notice shall direct that any person other than Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property, and the Preliminary Order of Forfeiture shall become the Final Order of Forfeiture, following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. If Defendant appeals from his conviction on Count One of the Second Superseding Indictment, the government has agreed to, and will, stay the execution of forfeiture as to the Subject Property to ensure that it remains available pending appellate review.  Pursuant to Federal Rule of Civil Procedure 32.2(d), the stay will not delay the ancillary proceeding or the determination of a third party's rights or interests.  If the Court rules in favor of any third party while an appeal is pending, the Court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless Defendant consents in writing or on the record.

13. The Court shall retain jurisdiction to enforce the Preliminary Order of Forfeiture and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

Dated: October 6, 2016         s/Robert H. Cleland
                               HONORABLE ROBERT H. CLELAND
                               United States District Court Judge