**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                   Case No. 13-20453

JOHN S. BENCHICK,

    Defendant.
                                              /

**OPINION AND ORDER DENYING MOTION FOR REVIEW OF RECORDED MEDIA**

Defendant John S. Benchick was convicted by jury of four counts of bank fraud under 18 U.S.C. § 1344 and one count of wire fraud under 18 U.S.C. § 1343. (Dkt. #71, 94.) Pending before the court is Defendant's "Motion for Independent Review of Recorded Media Used to Generate Transcripts," in which he asks this court to order an "independent third party" to review the media used to create the transcripts in this case and to make new transcripts based on that media. (Dkt. #127.) Plaintiff filed a response to Defendant's motion on August 11, 2017. (Dkt. #131.) Defendant filed a reply on September 6, 2017. (Dkt. #133.) For the following reasons, the court will deny Defendant's motion.

**I. BACKGROUND**

Defendant was charged with four counts of bank fraud for, among other acts, submitting loan documents containing false information to financial institutions with the intent to defraud. (Dkt. #52.) He was also charged with one count of wire fraud for intentionally defrauding another individual out of money and property. (*Id.*) A jury found

Defendant guilty of all counts. (Dkt. #71.) Defendant has filed notices of appeal as to his conviction and sentencing. (Dkt. #90, 95.)

Defendant contends that, based on defense counsel's notes and his own memory of the trial proceedings, the transcripts of the proceedings in this case are incomplete, prejudicing him on appeal. (Dkt. #126 Pg. ID 2962; Dkt. #133 Pg. ID 3320–21.) He therefore asks the court to order a third party to review the recordings of his criminal proceedings and to produce new transcripts from those recordings. (Dkt. #127.) The court notes that defendant seems, in his briefing, to complain both of testimony that was given but is "missing" from the transcripts (*see, e.g.*, Dkt. #133 Pg. ID 3318 ("Testimony is missing from the transcripts with respect to John S. Benchick's explanation of work performed on the house located at 25 Sunset Bay Drive")) and evidence that was deemed inadmissible at trial (*see, e.g.*, *id.* at Pg. ID 3315 ("[T]he Court did not allow said texts into evidence.")). The court here will consider only Defendant's allegations of testimony that is "missing" from the record because only those allegations are relevant to the instant motion.

## II. STANDARD

Generally, the public and the parties to a lawsuit have a right to access records of judicial proceedings. *See, e.g.*, *Smith v. U.S. Dist. Court Officers*, 203 F.3d 440, 441 (7th Cir. 2000); *United States v. Davis*, 648 F. App'x 295, 297 (4th Cir. 2016). Accordingly, where an audio recording is the original record of a criminal proceeding against a defendant, the defendant has a right to access that recording. *See Smith*, 203 F.3d at 441. Where, however, an audio recording is a *backup* of a court reporter's stenographic record, that recording is the personal property of the court reporter, not a

2

judicial record. *Guide to Judiciary Policies and Procedures* § 510.40.10(c)(1); *see also Smith*, 203 F.3d at 441; *Davis*, 648 F. App'x at 297. A party therefore has no right to access a court reporter's backup audio recording unless there is some reason to distrust the accuracy of the transcript. *Smith*, 203 F.3d at 441; *Davis*, 648 F. App'x at 297.

A transcript in any case bearing a certification by the court reporter is "prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). Moreover, "[w]hen a district court settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable . . . because '[u]ltimately the [District] Court has direct knowledge of what the parties [stated in the] case.'" *United States v. Hernandez*, 227 F.3d 686, 695 (6th Cir. 2000) (citations omitted) (quoting *United States v. Barrow*, 118 F.3d 482, 487–88 (6th Cir. 1997)).

### III. DISCUSSION

As an initial matter, Defendant has no right to access the court reporter's recordings. Because the court reporters made stenographic records in this case, any audio recordings would constitute a backup recording that is the personal property of each court reporter. The court, as further explained below, finds no reason to distrust the accuracy of the stenographic transcripts. Defendant, therefore, has no right to access the court reporters' audio recordings.

Even if Defendant had a right to access such recordings, however, the court finds no reason to order a third party to review those recordings and create new transcripts. Each transcript appearing on the docket in this case bears the court reporter's

3

certification that the text is a correct transcript of the proceedings.[1] As such, every transcript on the docket is prima facie a correct statement of the proceedings before the court. 28 U.S.C. § 753(b). The court has also independently reviewed the transcript of the sentencing hearing and finds no errors or omissions in the transcript.

The court finds nothing in Defendant's arguments that would overcome the court reporters' certifications. The court is unpersuaded by Defendant's largely conclusory statements that the transcripts are "missing statements" or "missing testimony." For most of the testimony he complains of, Defendant fails to point out any specific places in the transcripts where testimony is missing, instead relying on vague assertions that, for example "missing segments of [a witness's] testimony would prove [the witness] committed perjury with respect to the claim that [the witness] never know John I. Benchick." (Dkt. #133 Pg. ID 3316.)

Where Defendant does point to specific places he believes testimony is missing (*see, e.g.*, Dkt. #133 Pg. ID 3320), Defendant relies on nothing but his memory to support the assertion that the testimony took place and that, if it is not in the record, it is missing. While Defendant initially claimed that he became aware of errors in the transcripts by comparing the transcripts "with notes taken by the Defense during the same proceedings," (Dkt. #127 Pg. ID 2962), he brings forward no notes from the defense that would illustrate such a discrepancy.

---

[1] Dkt. #92 Pg. ID 1274; Dkt. #105 Pg. ID 1318; Dkt. #106 Pg. ID 1346; Dkt. #108 Pg. ID 1461; Dkt. #109 Pg. ID 1467; Dkt. #110 Pg. ID 1481; Dkt. #111 Pg. ID 1488; Dkt. #112 Pg. ID 1510; Dkt. #113 Pg. ID 1526; Dkt. #114 Pg. ID 1636; Dkt. #115 Pg. ID 1738; Dkt. #116 Pg. ID 1915; Dkt. #117 Pg. ID 2108; Dkt. #118 Pg. ID 2262; Dkt. #119 Pg. ID 2436; Dkt. #120 Pg. ID 2589; Dkt. #121 Pg. ID 2724; Dkt. #122 Pg. ID 2939; Dkt. #123 Pg. ID 2950.

## IV. CONCLUSION

Having independently reviewed the transcript of the sentencing hearing in this case and finding no errors, the court rejects Defendant's argument that there are mistakes or omission in that transcript. As to the remaining transcripts, the Defendant has no right to access the recordings in this case, and for the foregoing reasons the court is unpersuaded that there is any meaningful difference between the transcripts entered and the actual proceedings. Accordingly,

IT IS ORDERED that Defendant's "Motion for Independent Review of Recorded Media Used to Generate Transcripts" (Dkt. # 127) is DENIED.

                                                                                                      s/Robert H. Cleland                /
                                                                                                       ROBERT H. CLELAND
                                                                                                       UNITED STATES DISTRICT JUDGE

Dated: September 20, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 20, 2017, by electronic and/or ordinary mail.

                                                                                                      s/Lisa Wagner                     /
                                                                                                       Case Manager and Deputy Clerk
                                                                                                       (810) 292-6522