**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      Case No. 13-20453

JOHN S. BENCHICK,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

Defendant John Benchick was convicted by a jury on all five counts of the superseding indictment; four counts of bank fraud under 18 U.S.C. § 1344 and one count of wire fraud under 18 U.S.C. § 1343. On October 2, 2016, he was sentenced to 110 months on all of the counts to run concurrently. (ECF No. 94.) Currently pending before the court is Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 153.) Defendant argues that the spread of the Coronavirus Disease (COVID-19) presents a serious medical threat requiring his early release into society and that his early release is also justified based on his need to provide care to his elderly mother. He further asserts that he requested early release from the Warden of his facility, FPC Pensacola, on March 13, 2020, and that the Warden failed to respond to his request. (ECF No. 153, PageID.3431.)

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and

determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances and fit within one of the four categories described in § 1B.13 of the Sentencing Guidelines, and the court must determine both that the sentencing factors outlined in § 3553(a) weigh in favor of release and that the defendant does not pose a threat to others as determined by § 3142(g). *See* 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C.

§ 3582(c)(1)(A). In this case, the BOP did not file the current motion and has not provided any endorsement or support. Second, after the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

It appears that Defendant has not exhausted his administrative remedies. Although Defendant asserts in his motion that he provided a request for compassionate release to the Warden of his facility on March 13, 2020, included in the Government's response to Defendant's motion is correspondence from an administrative staff member at FPC Pensacola which states that Defendant has not requested a reduction of sentence. (ECF No. 159-1, PageID.3482.) The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either complete all administrative appeals or wait thirty days; Defendant has apparently done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."); *United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (Cox, J.) (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)) (denying a motion for compassionate release based upon the outbreak of COVID-19 for failure to exhaust).

The court will nonetheless address the merits of Defendant's motion as Defendant fails to present "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as

"exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

In addition to attacking the merits of his convictions and the performance of his attorney, Defendant states in his motion that he is 67 years old and suffers from hypertension. He generally asserts that his age and hypertension put him at an increased risk of contracting COVID-19. (ECF No. 153, PageID.3434.) However, speculation as to whether COVID-19 will spread through Defendant's detention facility, FPC Pensacola, whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release. *See United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Defendant's current medical conditions are not out of the ordinary, nor does Defendant claim they are fatal or untreatable. Moreover, there are currently no confirmed cases of COVID-19 in Defendant's facility,[1] and the BOP has instituted strict

---

[1] Federal Bureau of Prisons, *COVID-19 Action Plan: COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited June 2, 2020).

4

precautions throughout the federal prison system, including shelter-in-place protocols, screening and quarantining all newly arriving detainees, and isolating until medically cleared all symptomatic detainees.[2] Defendant's medical conditions and the risk of contracting COVID-19 do not present "extraordinary and compelling reasons" justifying early release. 18 U.S.C. § 3582(c)(1)(A).

Nor is the court persuaded by Defendant's arguments that his release is justified for him to provide care to his 91-year-old mother, who he claims lives alone. Caring for an elderly relative is not a recognized "family circumstance" justifying release under § 1B1.13 cmt. n.1(C). Additionally, Defendant's mother has presumably been assisted by someone other than Defendant during the past four years of his incarceration. But in any event, the court concludes that factors enumerated under 18 U.S.C. § 3553(a) do not support Defendant's early release. The court specifically considers the need for Defendant's sentence to reflect the seriousness of his offense, provide punishment, and to promote general and specific deterrence. *See* 18 U.S.C. § 3553(a). The need to provide specific deterrence is especially relevant given Defendant's history of manipulating others for his own financial gain and his continued failure to accept any form of responsibly for his acts.

In sum, the court will deny Defendant's motion because, first, it does not appear that Defendant has exhausted his administrative remedies, and second, the court is not persuaded in any event that Defendant's stated grounds either justify his early release or outweigh the need for his continued confinement considering the factors in 18 U.S.C.

---

[2] Federal Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp.

§ 3553(a). The court makes no findings as to the suitability of home confinement and leaves such a determination to the sound discretion of the BOP which is better suited in this case and at this juncture to make such a decision. Accordingly,

IT IS ORDERED Defendant's "Motion for Compassionate Release" (ECF No. 153) is DENIED.

    s/Robert H. Cleland    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 2, 2020, by electronic and/or ordinary mail.

    s/Lisa Wagner    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\13-20453.BENCHICK.CompasionateReleaseCovid.HEK.RHC.docx